UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALICIA CABELLO and | ) | |
| REINA ROMERO, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| GALLEY GOURMET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Alicia Cabello and Reina Romero file this Complaint against

Defendant Galley Gourmet, Inc. alleging as follows:

### INTRODUCTION

1.

Plaintiff Reina Romero (El Savadorian, female) was formerly employed by

Defendant Galley Gourmet, Inc.  Plaintiff Alicia Cabello (Mexican, female) is

currently employed by Galley Gourmet, Inc. after having been terminated from

Defendant for nine months.   Plaintiffs are both Latina women.  During the course

of their employment, Plaintiffs suffered race, ancestry, national origin, and gender

based disparate treatment and Plaintiffs were eventually terminated for

discriminatory reasons and in retaliation for complaining about race and national

origin discrimination.  Plaintiffs were also paid less than their similarly situated male coworkers in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

2.

This is an action for race, ancestry, national origin, and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981. This is also an action for violations of the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiffs seek injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement, compensatory damages and punitive damages, liquidated damages, and attorney's fees and costs of litigation to remedy these civil rights violations.

## JURISDICTION AND VENUE

3.

Plaintiff brings this action pursuant to 42 U.S.C. § 1981, Title VII, and the Equal Pay Act.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.

The unlawful violations of Plaintiffs' civil rights were committed within the Northern District of Georgia. Venue is proper in this Court under 28 U.S.C. §

1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiffs complain occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.

Plaintiffs satisfied all administrative prerequisites to perfect their claims of discrimination under Title VII.  Specifically, Plaintiffs timely filed Charges of Discrimination and Amended Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued notices of right to sue.

6.

Plaintiffs bring this suit within ninety (90) days of receipt of their notices of right to sue.

THE PARTIES

7.

Plaintiff Romero, a Latina female, born in El Salvador, is now and was at all times relevant to this action, a Legal Resident of the United States and a resident of the State of Georgia.

3

8.

Plaintiff Cabello, a Latina female, born in Mexico, is now and was at all times relevant to this action, a Legal Resident of the United States and a resident of the State of Georgia.

9.

Defendant Galley Gourmet is a for-profit corporation organized and existing under the laws of the Georgia, and is subject to the jurisdiction of this Court.

10.

Defendant Galley Gourmet, Inc. may be served with a copy of this Complaint and process by serving its registered agent for service of process, Anne Marie Garavaglia, 3234 Collier Gate Court, Smyrna, Georgia 30080.

## STATEMENT OF FACTS

### Plaintiff Reina Romero

11.

Plaintiff Romero was hired as a Production Associate by Defendant Galley Gourmet, a catering company, on July 8, 1996.

12.

During Plaintiff Romero's employment, she was subjected to different terms and conditions of employment in reference to job assignments, salary, and benefits based on her race, ancestry, national origin gender, and protected conduct.

13.

Defendant's owner, Thomas Kiedinger, had a terrible temper and was abusive to his female and Latino employees.

14.

In January 2010, Kiedinger reduced the salaries of some of his Latino employees, including Plaintiff Romero, but did not reduce the salaries of his White and African American employees.

15.

On December 20, 2010, Ms. Romero asked Kiedinger to reinstate her pay; he told her that he would fix her salary only if she assumed additional duties.

16.

On January 20, 2011, Kiedinger verbally assaulted Plaintiff Romero and became physically threatening when an order was delayed by a White employee named Jason.

17.

Kiedinger did not verbally assault or become physically threatening to Jason even though he was responsible for the delay in the order.

18.

Plaintiff Romero complained to Kiedinger about treating her differently than non-Latino co-workers.

19.

Kiedinger became irate and immediately discharged Plaintiff Romero.

20.

Kiedinger did not discharge Jason.

21.

Timothy Kiedinger, Kiedinger's brother, worked with Plaintiffs on a daily basis.

22.

He constantly made derogatory and disparaging comments about Latino employees.

23.

For example, he said Plaintiffs came to the United States to have babies and be on welfare.

24.

He made these comments in front of Thomas Kiedinger, and Thomas

Kiedinger did not reprimand or discipline him for the racially derogatory statements.

25.

Defendant also paid Plaintiff Romero less than her similarly situated male and

non-Latina co-workers.

**Plaintiff Alicia Cabello**

26.

Plaintiff Cabello was hired as a Production Associate by Galley Gourmet,

Inc., a catering company, in July 1996.

27.

During Plaintiff Cabello's employment, she was subjected to different terms

and conditions of employment in reference to job assignments, salary, and benefits

based on her race, ancestry, national origin gender, and protected conduct.

28.

Defendant's owner, Thomas Kiedinger, has a terrible temper and was abusive

to his female and Latino employees.

29.

In January 2010, Kiedinger reduced the salaries of some of his Latino employees, including Plaintiff Cabello, but did not reduce the salaries of his White and African American employees.

30.

On November 15, 2010, Plaintiff Cabello asked Kiedinger why he was giving her more assignments than similarly situated non-Latinos.

31.

Kiedinger became irate, told Plaintiff Cabello to shut up, and threatened to terminate her employment.

32.

On January 20, 2011, Kiedinger, verbally assaulted Plaintiff Cabello, Plaintiff Romero, and two Latino male employees.

33.

Plaintiff Cabello complained to Kiedinger about giving preferential treatment to non-Latino employees.

34.

Kiedinger then started yelling at Plaintiff Cabello.

8

35.

On January 25, 2011, Plaintiff Cabello was discharged.

36.

The two Latino male employees who had not complained about discrimination were not discharged and were allowed to return to work.

37.

Plaintiff Cabello was rehired several months later In November 2011.

38.

Timothy Kiedinger, Kiedinger's brother, worked with Plaintiffs on a daily basis.

39.

He constantly made derogatory and disparaging comments about Latino employees.

40.

For example, he said Plaintiffs came to the United States to have babies and be on welfare.

41.

He made these comments in front of Thomas Kiedinger, and Thomas Kiedinger did not reprimand or discipline him for the racially derogatory statements.

42.

Defendant also paid Plaintiff Cabello less than her similarly situated male and non-Latina co-workers. For example, he said Plaintiffs came to the U.S. to have babies and be on welfare.

## COUNT ONE
## NATIONAL ORIGIN, ANCESTRY, AND RACE DISCRIMINATION IN VIOLATION OF TITLE VII

43.

Plaintiffs incorporate by reference all of the preceding paragraphs of the Complaint.

44.

Plaintiff Romero is a Latina female of El Salvadorian ancestry.

45.

Plaintiff Cabello is a Latina female of Mexican ancestry.

46.

Defendant Galley Gourmet discriminated against Plaintiffs in the terms and conditions of their employment, specifically salary and benefits, and terminated their employment on the basis of their race, national origin, and ancestry in violation of Title VII.

47.

The actions taken against Plaintiffs have caused them to suffer both monetary and non-monetary damages.

48.

Based on Defendant's discriminatory conduct, Plaintiffs are entitled to an award of back pay and benefits, compensatory and punitive damages, attorney's fees and costs of litigation, and all other appropriate damages, remedies, and other relief available under Title VII.

## COUNT TWO
### NATIONAL ORIGIN, ANCESTRY, AND RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

49.

Plaintiffs incorporate by reference all of the preceding paragraphs of the Complaint.

50.

Plaintiff Romero is a Latina female of El Salvadorian ancestry.

51.

Plaintiff Cabello is a Latina female of Mexican ancestry.

52.

Defendant Galley Gourmet discriminated against Plaintiffs in the terms and conditions of their employment, specifically salary and benefits, and terminated their employment on the basis of their race, national origin, and ancestry in violation of 42 U.S.C. § 1981.

53.

The actions taken against Plaintiffs have caused them to suffer both monetary and non-monetary damages.

54.

Based on Defendant's discriminatory conduct, Plaintiffs are entitled to an award of back pay and benefits, compensatory and punitive damages, attorney's fees and costs of litigation, and all other appropriate damages, remedies, and other relief available under 42 U.S.C. § 1981.

**COUNT THREE**
**RETALIATION IN VIOLATION OF TITLE VII**

55.

Plaintiffs incorporate by reference all of the preceding paragraphs of the Complaint.

56.

On November 15, 2010, Plaintiff Cabello complained to Kiedinger that he treated his non-Latino employees better than his Latino employees.

57.

Kiedinger threatened to terminate Plaintiff Cabello.

58.

On January 20, 2011, Plaintiffs Cabello and Romero complained to Kiedinger that he was discriminating against his Latino employees.

59.

In a fit of anger, Kiedinger terminated Romero on the spot and terminated Plaintiff Cabello five days later.

60.

Defendant did not terminate two male employees who did not complain about discrimination.

61.

Defendant's actions in terminating Plaintiffs' employment, following their complaints of race, national origin, and ancestry discrimination were committed with reckless disregard for their right to be free from discriminatory treatment because of their opposition to discriminatory practices and in violation of Title VII.

13

62.

The effect of Defendant's above-mentioned acts has been to deprive
Plaintiffs of equal employment opportunities and benefits due to them because of
their willingness to oppose such discriminatory practices.

63.

The actions taken against Plaintiffs have caused them to suffer both
monetary and non-monetary damages.

64.

Accordingly, Plaintiffs are entitled to the equitable and monetary relief set
forth in the following prayer for relief for Defendant's violation of their rights
under Title VII.

## COUNT FOUR
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

65.

Plaintiffs incorporate by reference all of the preceding paragraphs of the
Complaint.

66.

On November 15, 2010, Plaintiff Cabello complained to Kiedinger that he
treated his non-Latino employees better than his Latino employees.

14

67.

Kiedinger threatened to terminate Plaintiff Cabello.

68.

On January 20, 2011, Plaintiffs Cabello and Romero complained to Kiedinger that he was discriminating against his Latino employees.

69.

In a fit of anger, Kiedinger terminated Romero on the spot and terminated Plaintiff Cabello five days later.

70.

Defendant did not terminate two male employees who did not complain about discrimination.

71.

Defendant's actions in terminating Plaintiffs' employment, following their complaints of race, national origin, and ancestry discrimination were committed with reckless disregard for their right to be free from discriminatory treatment because of their opposition to discriminatory practices and in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

72.

The effect of Defendant's above-mentioned acts has been to deprive Plaintiffs of equal employment opportunities and benefits due to them because of their willingness to oppose such discriminatory practices.

73.

The actions taken against Plaintiffs have caused them to suffer both monetary and non-monetary damages.

74.

Accordingly, Plaintiffs are entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of their rights under 42 U.S.C. § 1981.

**COUNT FIVE**
**SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

75.

Plaintiffs incorporate by reference all of the preceding paragraphs of the Complaint.

76.

Defendant knowingly and intentionally paid a lower salary and other benefits of employment to Plaintiffs, and otherwise discriminated against Plaintiffs because of their sex.

77.

Defendant knowingly and intentionally terminated Plaintiffs while retaining identically situated male employees because of their sex.

78.

Defendant's conduct constitutes unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

79.

As a result of Defendant's discriminatory conduct, Plaintiffs suffered lost wages and other benefits of employment, emotional distress, inconvenience, humiliation, damage to their careers, and other indignities.

80.

Plaintiffs are entitled to an award of back pay and benefits, compensatory damages and punitive, injunctive relief, attorney's fees and costs of litigation, and all other appropriate damages, remedies, and other relief available under Title VII.

**COUNT SIX**
**EQUAL PAY ACT**

81.

Plaintiffs incorporate by reference all of the preceding paragraphs of the Complaint.

82.

Defendant knowingly and intentionally paid a lower salary and other benefits of employment to Plaintiffs for performing work that required equal skill, effort and responsibility as jobs performed by male employees.

83.

Defendant has violated and is continuing to violate the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

84.

In violating the Equal Pay Act, Defendant has acted intentionally, willfully and in bad faith.

85.

Plaintiffs are entitled to recover their lost pay and benefits, liquidated damages, and attorneys' fees and expenses of litigation incurred as a result of Defendant's willful violation of the Equal Pay Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand a **TRIAL BY JURY** and that the following relief be granted:

A.     That this Court take jurisdiction of this matter;

B.     That process be served;

18

C.     That Plaintiffs be awarded a declaratory judgment that Defendants violated 42 U.S.C. § 1981;

D.     That Plaintiffs be awarded a declaratory judgment that Defendant violated Title VII of the Civil Rights Act, as amended;

E.     That this Court enter a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of 42 U.S.C. § 1981;

F.     That this Court enter a permanent injunction prohibiting the Defendant from engaging in unlawful employment practices in violation of Title VII;

G.     That Plaintiff Romero be reinstated with back pay and all benefits, privileges, and rights previously denied;

H.     That the Court award Plaintiffs back pay and front pay in an amount to be determined at the trial of this case;

I.     That the Court award compensatory and punitive damages in an amount to be determined by the trier of fact;

J.     That the Court award liquidated damages for Defendant's violation of the Equal Pay Act;

K.      That the Court award Plaintiffs their costs in this action and reasonable

attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) and other

applicable laws;

L.      That the Court grant to Plaintiffs the right to have a trial by jury on all

issues triable to a jury; and

M.      That the Court grant such additional relief as the Court deems proper

and just.

Respectfully submitted this 27th day of February, 2012.

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiffs